United States District Court
For the Northern District of California

*E-FILED: March 6, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRUSTEES OF THE U.A. LOCAL 393 PENSION FUND AND THE U.A. LOCAL 393 HEALTH AND WELFARE TRUST FUND,<br><br>Plaintiffs,<br><br>v.<br><br>IPURITY, INC.,<br><br>Defendant. | No. C12-04004 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION THAT MOTION FOR DEFAULT JUDGMENT BE GRANTED**<br><br>[Re: Docket No. 16] |

Plaintiffs are the trustees of two union benefit plans. Defendant employer Ipurity, Inc. (Ipurity) is bound by a Master Labor Agreement (MLA) requiring contributions to be made to those plans. (Jesinger Decl. ¶¶ 5-7, Exs. 1-2). Pursuant to sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, plaintiffs sue to recover unpaid contributions owed by Ipurity, as well as damages for belated payments. Specifically, plaintiffs claim that Ipurity owes principal contributions for February and March 2012, plus liquidated damages. Plaintiffs also seek recovery of attorney's fees and costs incurred in bringing this action.

Ipurity was served with the complaint and summons on August 6, 2012. (Dkt. No. 4). Defendant, however, failed to answer or otherwise respond. At plaintiffs' request, the Clerk of

1    the Court entered Ipurity's default on November 29, 2012. (Docket No. 14).

2    Plaintiffs now move for default judgment in the amount of $13,468.30,[1] which sum
3    includes the amount of principal contributions owed, plus liquidated damages, attorney's fees,
4    and costs. Ipurity was served with notice of the motion. It did not file any response, and
5    briefing on this matter is closed. The motion is deemed appropriate for determination without
6    oral argument, and the March 12, 2013 motion hearing is vacated. CIV. L.R. 7-1(b). Upon
7    consideration of the moving papers and the record in this case, this court recommends that
8    plaintiffs' motion be granted.

9    After entry of default, courts may, in their discretion, enter default judgment. See FED.
10   R. CIV. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to
11   enter default judgment, a court may consider the following factors: (1) the possibility of
12   prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of
13   the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute
14   concerning material facts; (6) whether the default was due to excusable neglect; and (7) the
15   strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.
16   Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all
17   factual allegations in the plaintiff's complaint are taken as true, except those relating to
18   damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). When the
19   damages claimed are not readily ascertainable from the pleadings and the record, the court may
20   conduct a hearing to conduct an accounting, determine the amount of damages, establish the
21   truth of any allegation by evidence, or investigate any other matter. FED. R. CIV. P. 55(b)(2).

22   All of the Eitel factors favor entry of default judgment here. Plaintiffs' claims have
23   merit and are sufficiently pled. Having reviewed the complaint, the court finds that plaintiffs
24   have adequately alleged a violation of ERISA by showing that Ipurity did not contribute to the
25   subject plans as required by a collective bargaining agreement and the MLA. 29 U.S.C. § 1145.

---

[1] Plaintiffs originally requested $13,678.30. This court issued an interim order directing them to submit documentation supporting their claimed costs. They have done so and corrected the amount of costs claimed, decreasing the total judgment sought to $13,468.30.

2

The sum of money at stake in the action is not insignificant. Nevertheless, because all liability-related allegations are deemed true, there is no possibility of a dispute as to material facts. Moreover, Ipurity has failed to appear or present a defense in this matter; and, there is no indication that defendant's default was due to excusable neglect. While the court prefers to decide matters on the merits, Ipurity's failure to participate in this litigation makes that impossible. A default judgment against Ipurity is plaintiffs' only recourse.

As noted above, plaintiffs seek $13,468.30, which sum includes the amount of principal contributions owed, plus liquidated damages, attorney's fees, and costs.

### Unpaid Principal Contributions

With respect to the unpaid principal amounts, plaintiffs have submitted the declaration of the plans' chief administrator, which confirms that Ipurity owes a total of $8,358.17 in principal contributions. (Jesinger Decl. ¶ 8, Exs. 3-4). This declaration satisfactorily establishes the amount of unpaid principal owed by Ipurity.

### Liquidated Damages

ERISA also allows for the collection of liquidated damages when the principal contribution is not paid before a plaintiff fund files suit to collect it. 29 U.S.C. § 1132(g)(2)(C)(ii); see also Idaho Plumbers Trust Funds v. United Mechanical Contractors, 875 F.2d 212, 215 (9th Cir. 1989) (ERISA's liquidated damages provision applies "when (1) the fiduciary obtains a judgment in favor of the plan, (2) *unpaid* contributions exist at the time of suit, and (3) the plan provides for liquidated damages."). In this case, the MLA requires liquidated damages in the amount of 20% of any principal contribution that has not been paid by the time a collections suit is filed or that becomes owing after such a suit is filed. (Jesinger Decl. ¶ 9, Ex. 1, ¶ 174). The record amply supports plaintiffs' claim for $1,671.63 in liquidated damages.

### Attorney's Fees and Costs

Under ERISA, plaintiffs are also entitled to recover reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2)(D); Operating Engineers Pension Trust v. Reed, 726 F.2d 513, 514 (9th Cir. 1984). Plaintiffs' counsel has submitted a declaration identifying his billing rates and

describing his experience, and identifying work he performed in this case. (Renner Decl. ¶¶ 3-4, Ex. 1). This court is familiar with the range of rates customarily charged by attorneys practicing before it, and the stated hourly rates appear to be commensurate with those charged for cases of this magnitude and complexity and for similar work performed by attorneys of comparable skill, experience, and reputation. The court is satisfied that the fees reasonably were incurred. The record also supports plaintiffs' claimed costs for the filing fee and for service of process. (Dkt. 1; Dkt. No. 17, Renner Decl. ¶ 5; Dkt. No. 29, Supplemental Renner Decl. ¶ 3, Ex. 1). This court finds that plaintiffs should be awarded $2,988.50 in attorneys' fees and $450.00 in costs.

Because all parties have yet to consent to the undersigned's jurisdiction, IT IS ORDERED THAT this case be reassigned to a District Judge. Further, it is RECOMMENDED that plaintiffs' motion for default judgment be granted and that plaintiffs be awarded $13,468.30 in unpaid principal contributions, liquidated damages, attorney's fees, and costs. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

Dated: March 6, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

1  5:12-cv-04004-HRL Notice has been electronically mailed to:

2  Mark Stephen Renner     mrenner@wmprlaw.com, jchargin@wmprlaw.com

5